**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 18 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEPHANIE CLIFFORD, AKA Stormy Daniels, | No. 20-55880 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-06893-JLS-FFM |
| v. | |
| DONALD J. TRUMP, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted March 16, 2022**
Pasadena, California

Before: THOMAS, WARDLAW, and NGUYEN, Circuit Judges.

Stephanie Clifford appeals two district court orders—an order granting attorneys' fees to Appellee Donald Trump and a second order granting Trump's motion to correct and/or strike the clerk's rescission of a certification that the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

attorneys' fees order was a final judgment. We lack jurisdiction over Clifford's appeal of the underlying order granting attorneys' fees. We have jurisdiction over the second order pursuant to 28 U.S.C. § 1291, and we affirm.

    1. The district court correctly held that the fees, costs, and sanctions order issued on December 11, 2018 was a final judgment that did not require a separate document pursuant to Federal Rule of Civil Procedure 58(a)(3). Because orders awarding ancillary costs in addition to attorneys' fees do not trigger the separate document requirement, *see S.L. ex rel. Loof v. Upland Unified Sch. Dist.*, 747 F.3d 1155, 1161 (9th Cir. 2014), the district court's order awarding $292,052.33 in attorneys' fees and $1,000 in sanctions was a final, appealable order in accordance with Federal Rule of Appellate Procedure 4(a). Further, because the district court's attorneys' fees award was "a full adjudication of the issues" and "clearly evidence[d] the judge's intention that it be the court's final act in the matter," the order was a final, registrable judgment for appellate purposes. *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1258 (9th Cir. 2004) (quoting *Nat'l Distrib. Agency v. Nationwide Mut. Ins. Co.*, 117 F.3d 432, 433 (9th Cir. 1997)).

    2. Because the district court's 2018 order granting attorneys' fees was a final judgment, we have no jurisdiction over Clifford's appeal of that award. To invoke this court's jurisdiction over an appeal, "[a] notice of appeal 'must be filed with the district clerk within 30 days after the judgment or order appealed from is

entered.'" *Menken v. Emm*, 503 F.3d 1050, 1055 (9th Cir. 2007) (quoting Fed. R. App. P. 4(a)(1)(A)); *Tillman v. Ass'n of Apartment Owners of Ewa Apartments*, 234 F.3d 1087, 1089 (9th Cir. 2000). Because Clifford did not file a notice of appeal as to the 2018 order until August 24, 2020, her appeal from the attorneys' fees award was untimely.

 We **AFFIRM** in part and **DISMISS** in part.