**Case No. 20-55880**

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

---

STEPHANIE CLIFFORD, aka STORMY DANIELS,

Plaintiff/Appellant,

v.

DONALD J. TRUMP,

Defendant/Appellee.

---

On Appeal from the United States District Court
For the Central District of California, Los Angeles
No. 2:18-cv-06893-JLS-FFM
Hon. Josephine L. Staton

---

**APPELLANT'S RESPONSE TO**
**APPELLEE'S APPLICATION FOR ATTORNEY'S FEES**

---

Clark O. Brewster
Mbilike M. Mwafulirwa
Brewster & De Angelis, P.L.L.C.
2617 E. 21 Street
Tulsa, OK 74114
(918) 742-2021
***Attorneys for Plaintiff/Appellant***

May 9, 2022

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .......... ii

INTRODUCTION .......... 1

ARGUMENT .......... 2

I. Because This Appeal was Overstaffed, the Fee Request is Unreasonable.. .......... 2

II. The Hours Claimed for This Appeal are Excessive .......... 4

A. The time claimed for seeking a briefing extension is excessive .......... 4

B. The time claimed for the fee motion is excessive .......... 5

C. The time claimed for preparing the response brief is excessive .......... 6

D. There are several unjustified billable time entries .......... 6

III. The Rates Claimed are Excessive for This Straightforward Fees Appeal .......... 7

CONCLUSION .......... 8

CERTIFICATE OF SERVICE .......... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Camacho v. Bridgeport Fin., Inc.*,
523 F.3d 973 (9th Cir. 2008)........................................................................ 7

*Chalmers v. Los Angeles*,
796 F.2d 1205 (9th Cir. 1986)...................................................................... 4

*Clifford v. Trump*,
2022 WL 823539 (9th Cir. Mar. 18, 2022)................................................ 3, 6

*Dem. Party of Wash. v. Reed*,
388 F.3d 1281 (9th Cir. 2004)................................................................... 1, 2

*El Apple I, Ltd. v. Olivas*,
370 S.W.3d 757 (Tex. 2012)................................................................. 3, 4, 8

*Fischer v. SJB-P.D., Inc.*,
214 F.3d 1115 (9th Cir. 2000)...................................................................... 5

*Ingram v. Oroudjian*,
647 F.3d 925 (9th Cir. 2011)........................................................................ 7

*Johnson-Todd v. Morgan*,
2018 WL 6684562 (Tex. App. Dec. 20, 2018) .............................................. 5

*Maldonado v. Houston*,
256 F.3d 181 (3d Cir. 2001)......................................................................... 5

*Mireskandari v. Daily Mail & Gen. Tr. PLC*,
2014 WL 12586434 (C.D. Cal. Nov. 7, 2014)............................................... 7

*Moreno v. City of Sacra*,
534 F.3d 1106 (9th Cir. 2008)................................................................... 1, 3

*Newberry v. Burlington Basket Co.*,
622 F.3d 979 (8th Cir. 2010)........................................................................ 3

*Rahman v. FCA US LLC*,
2022 WL 1013433 (C.D. Cal. Mar. 29, 2022)..................................................... 4

*Red v. Kraft Foods Inc.*,
680 F. App'x 597 (9th Cir. 2017) ..................................................................... 7

*Sullivan v. Abraham*,
488 S.W.3d 294 (Tex. 2016)............................................................................ 4

*Suzuki v. Yuen*,
678 F.2d 761 (9th Cir. 1982)........................................................................... 6

*U.S. Fid. & Guar. Co. v. Lee Invest. LLC*,
641 F.3d 1126 (9th Cir. 2011)......................................................................... 3

*Vargas v. Howell*,
949 F.3d 1188 (9th Cir. 2020)...................................................................... 2, 4

*Welch v. Metro. Life Ins. Co.*,
480 F.3d 942 (9th Cir. 2007)....................................................................... 5, 6

**Statutes**

Tex. Civ. Prac. & Rem. Code Ann. §27.009(a)(1) ................................................ 3

**Rules**

Fed. R. Civ. P. 58 ............................................................................................. 3

## INTRODUCTION

While a prevailing party in a statutory fee-shifting claim is entitled to his fees, they need not be a windfall. For one, this Court has warned that "courts ought to examine with skepticism claims that several lawyers were needed to perform a task." *Dem. Party of Wash. v. Reed*, 388 F.3d 1281, 1286 (9th Cir. 2004). Appellee's fee application warrants skepticism. Seven lawyers staffed this attorney's fee appeal. And several of their time entries are duplicative. That is reason to reduce the request.

There is a second reason to view this fee request with skepticism: the hours claimed on several tasks are not reasonable. Take for example, the 9.7 hours spent on filling out a second Ninth Circuit Form 14 motion for extension of time to file a response brief. *Form 14 is a standard Ninth Circuit form*. It only has few spaces for a party to justify its extension request. But for this straightforward form and task, Appellee's lawyers claim that they spent 9.7 hours just to tell this Court that they "will need time to get up to speed on the complex issues involved and to work with previous counsel to transition the case." That fee request is just not reasonable.

There is a third reason to question the rates claimed in this case. The rates are excessive for the issues raised by this appeal. The Ninth Circuit has made clear that the difficulty and complexity of the issues and the level of skill employed should drive the fee calculus. *See Moreno v. City of Sacra.*, 534 F.3d 1106, 1115 (9th Cir. 2008) ("*The difficulty and skill level of the work performed*, and the result

achieved—not whether it would have been cheaper to delegate the work to other attorneys—*must drive the . . . court's decision*.") (emphasis added). Measured by these standards, the rates claimed for this attorney's fee appeal are unreasonable. The lead attorney claims a $1300 hourly fee, *almost double that of her predecessor.* The other attorneys have also claimed top-of-the-line billable rates. While some cases—because of their complexity and the specialty area at issue—may, on rare occasion, warrant those top-of-the-line rates, this one did not. There were no First Amendment or specific anti-SLAPP issues. This appeal only had statutory interpretation issues—the bread and butter of rule-based cases. Thus, there are no factors warranting a premium hourly fee for litigating standard litigation issues.

In short, this fee request is not reasonable. For those reasons and others stated below, this Court should reduce the fee request and tailor an award that fits this case.

## ARGUMENT

### I. Because This Appeal was Overstaffed, the Fee Request is Unreasonable

"In evaluating the requested rate, judges are justified in relying on their own knowledge of customary rates and their experience concerning reasonable and proper fees." *Vargas v. Howell*, 949 F.3d 1188, 1199 (9th Cir. 2020). To that end, this Court has warned that "courts ought to examine *with skepticism claims that several lawyers were needed* to perform a task." *Reed*, 388 F.3d at 1286 (emphasis added). That warning rings true if, as here, there was duplication of tasks. *Id.* The

right to fees here arises under Tex. Civ. Prac. & Rem. Code Ann. §27.009(a)(1). As a federal court sitting in diversity, Texas law applies to this fee request. *See U.S. Fid. & Guar. Co. v. Lee Invest. LLC*, 641 F.3d 1126, 1133–34 (9th Cir. 2011).

Under Texas law, "[c]harges for *duplicative*, *excessive*, or inadequately documented work *should be excluded*." *El Apple I*, *Ltd. v. Olivas*, 370 S.W.3d 757, 762 (Tex. 2012) (emphasis added); *Newberry v. Burlington Basket Co.*, 622 F.3d 979, 984 (8th Cir. 2010) (reducing fees where two attorneys performed overlapping work and listed several duplicate items in their fee statements).

As applied here, this Court should reduce the fee request because this appeal was overstaffed. This was a straightforward appeal of an attorney's fee award. The issues mainly turned on the interpretation and application of Fed. R. Civ. P. 58. *See Clifford v. Trump*, 2022 WL 823539, at *1 (9th Cir. Mar. 18, 2022). The straightforward nature of the issues should drive the reasonable fee analysis here. *See Moreno v. City of Sacra.*, 534 F.3d 1106, 1115 (9th Cir. 2008) ("*The difficulty and skill level of the work performed*, and the result achieved—not whether it would have been cheaper to delegate the work to other attorneys—*must drive the . . . court's decision*.") (emphasis added).

And for this straightforward appeal, Appellee overstaffed it with seven attorneys to research and draft his response brief. *See* Mot'n for Atty's Fees, 9-10, ECF No. 51-2. Billing may be reduced, if as here, "the case was overstaffed and

hours are duplicated." *Chalmers v. Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986). For that reason, it was unreasonable to staff multiple experienced attorneys for a routine case that had non-significant novelties. *See Vargas*, 949 F.3d at 1199. And several tasks that the seven lawyers performed were duplicative. *See* DktEntry: 51-3, pp. 13-15. This Court should reduce the hours claimed in the fee request.

## II. The Hours Claimed for This Appeal are Excessive

Statutory fee-shifting is not and has never been "a bonanza" to a prevailing party. *El Apple I*, 370 S.W.3d at 766 (Hecht, J., concurring). Instead, a reasonable fee "is one that is *not excessive or extreme*, but rather [is] moderate or fair." *Sullivan v. Abraham*, 488 S.W.3d 294, 299 (Tex. 2016) (emphasis added) (cleaned up). That is as much true in Texas as it is in this circuit. To that end, as shown below, some of the hourly entries in Appellee's fee request violate these basic limitations.

***A. The time claimed for seeking a briefing extension is excessive.*** Appellee's fee request shows that his lawyers claim to have spent an entire business day filling in a boilerplate Ninth Circuit Form 14 request for an extension. *See* Mot'n for Atty's Fees, 9-10, ECF 51-2. The Form 14 is a standard form used to seek extensions. *See* Form 14, https://cdn.ca9.uscourts.gov/datastore/uploads/forms/form14.pdf (last seen April 26, 2022). The form only has a few spaces for a party to justify its request. *Id.* But claiming more than a full day's work to fill in such a boilerplate form is excessive. *Cf. Rahman v. FCA US LLC*, 2022 WL 1013433, at *3 (C.D. Cal. Mar.

29, 2022) ("[D]rafting a boilerplate complaint should not take more than an hour, nor should drafting the simple civil coversheet take more than 15 minutes"). Appellee also claims at least 4.6 hours by S. McCommas and Harmeet Dhillon on June 1-2, 2021 for preparing the second Form 14, *but it was already filed a few days before on May 28, 2021*. *See* DktEntry: 51-3, at 13; *see also* DktEntry:32.

***B. The time claimed for the fee motion is excessive.*** Appellee claims 50.2 hours for preparing a straightforward attorney's fee motion. *See* Mot'n for Atty's Fees, 9-10, ECF No. 51-2. But a prevailing party is only entitled to "a reasonable attorney fee award," not excessive fees. *See Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115,1119 (9th Cir. 2000). A motion for attorney's fees is not a particularly difficult or complex motion, so courts generally decline to award unreasonable time for preparation. *See Maldonado v. Houston*, 256 F.3d 181, 183, 188 (3d Cir. 2001) (rejecting 25.68 hours for preparation time for fee application and instead granting only 10 hours).

The Ninth Circuit has affirmed reducing hours for fee motion from 13 hours to 9 hours, when, as here, the preparation of a motion demanded little of counsel's time. *See Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 950 (9th Cir. 2007); *see also, e.g.*, *Johnson-Todd v. Morgan*, 2018 WL 6684562, at *4 (Tex. App. Dec. 20, 2018) (rejecting hours claimed in fee application because the "billing records show excessive hours devoted to filing the motion to award attorney's fees and sanctions

and for preparing the affidavit on attorney's fees"). That same rationale applies here and warrants a significant reduction of the fee motion preparation time.

***C. The time claimed for preparing the response brief is excessive.*** While a prevailing party may recover fees for his preparation of his appellate brief, there are limits to that compensation. *See Suzuki v. Yuen*, 678 F.2d 761, 764 (9th Cir. 1982) (affirming nearly 50% reduction of appellate brief preparation time). In *Suzuki*, the appellate court affirmed the reduction in fees mainly because "the issues were well rounded in the summary judgment papers and in the district court's published opinion." *Id.* at 764. Likewise, here, the issues on appeal were fully fleshed out in the trial court filings, and again, in the district court's order. *See* ER-017-065. In fact, the appellate court adopted the trial court's analysis as its own. *See Clifford*, 2022 WL 823539, at *1. Thus, just as in *Suzuki*, this case also deserves a sizeable briefing time reduction. Thus, *Suzuki*'s nearly 50% fee reduction is similarly fitting here.

***D. There are several unjustified billable time entries****.* Appellee's motion claims at least 6.2 hours before present counsel entered their appearance and substituted with prior counsel. *See* DktEntry:51-3, at p. 13; *see also* ECF Entries (this case) (5/28/21). When an attorney's fee request is not clearly or fully supported, it should be denied. *See generally Welch*, 480 F.3d at 949-950.

## III. The Rates Claimed are Excessive for This Straightforward Fees Appeal

The fee movant must "produce satisfactory evidence" of prevailing rates. *Camacho v. Bridgeport Fin.*, *Inc.*, 523 F.3d 973, 980 (9th Cir. 2008). The Court is not bound by a party's representations on the proper hourly rates; it can rely on its own knowledge of customary rates in the legal market for attorneys who appear before it. *See Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

This Court *has approved hourly rates for anti-SLAPP cases under $600 for the most senior attorneys*. *See*, *e.g.*, *Red v. Kraft Foods Inc.*, 680 F. App'x 597, 599 (9th Cir. 2017) (affirming anti-SLAPP "hourly rates of $550 for partners and senior associates, $352 for junior associates, and $211.66 for law clerks and paralegals"); *see also Mireskandari v. Daily Mail & Gen. Tr. PLC*, 2014 WL 12586434, at *13 (C.D. Cal. Nov. 7, 2014), *aff'd sub nom.*, *Mireskandari v. Associated Newspapers, Ltd.*, 665 F. App'x 570 (9th Cir. 2016) (approving rate of $520 to $552 for senior partner with 25 years experience, $448-$464 for partner-in-charge with 20 years experience, and $308-$352 for senior associate with almost 8 years experience).

As applied here, the Court should set rates at no more than $500 for partners and senior attorneys and $350 for associates. *See Red*, 680 F. App'x at 599. Otherwise, some rates requested here for a humdrum fees appeal—*e.g.*, $1300 hourly rates and so on—would simply be a windfall for Appellee. While some cases—because of their complexity and the specialty area at issue—may, on rare

occasion, warrant those top-of-the-line rates, this one did not. There were no First Amendment or specific anti-SLAPP issues. This appeal only had statutory interpretation issues—the bread and butter of rule-based cases. Thus, there are no factors warranting a premium hourly fee for litigating standard litigation issues. After all, statutory fee-shifting is not and has never been "a bonanza" to a prevailing party. *El Apple I*, 370 S.W.3d at 766 (Hecht, J., concurring).

## CONCLUSION

For all these reasons the Court should reject Mr. Trump's attorney fees claim, as presented. Instead, the Court should award a reduced fee considering that, at bottom, the inescapable fact is that this case was overstaffed and overbilled. Indeed, even the billing rates were unreasonable.

    Respectfully submitted,

    */s/ Mbilike M. Mwafulirwa*
    Clark O. Brewster
    Mbilike M. Mwafulirwa
    BREWSTER & DE ANGELIS, P.L.L.C.
    2617 East 21st Street
    Tulsa, OK 74114
    Tel: (918) 742-2021
    cbrewster@brewsterlaw.com
    *Attorneys for Plaintiff/Appellant S. Clifford*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 9, 2022, I electronically filed the foregoing *(Response to Motion for Attorney's Fees)* with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the court's CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Mbilike M. Mwafulirwa*
Mbilike M. Mwafulirwa