No. 20-55880

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

_____

STEPHANIE CLIFFORD, A/K/A STORMY DANIELS,
Plaintiff and Appellant,

v.

DONALD J. TRUMP,
Defendant and Appellee.

_____

On Appeal from the Order of the United States
District Court for the Central District of California
The Honorable Josephine L. Staton
District Court Case Number: 2:18-cv-06893-JLS-FFM

_____

**REPLY TO APPELLANT'S OPPOSITION OF APPELLEE'S
APPLICATION FOR ATTORNEY'S FEES**

HARMEET K. DHILLON
RONALD D. COLEMAN
MARK P. MEUSER
DHILLON LAW GROUP INC.
177 Post Street – Suite 700
San Francisco, CA 94108
(415) 433-1700

*Counsel for Defendant and Appellee
Donald J. Trump*

# TABLE OF CONTENTS

INTRODUCTION ...................................................................................1

ARGUMENT .........................................................................................2

I.   Having Prevailed on Appeal, the Texas Citizens Participation Act ("TCPA")

Mandates that Trump Receive Attorneys' Fees. ...................................2

II.   Trump's Appeal Was Properly Staffed. ...........................................4

III.   The Hours Claimed For Trump's Appeal are Reasonable. ...........................6

   A.   The time claimed for the fee motion is reasonable and properly supported. 8

   B.   Appellee has voluntarily revised the time submitted for seeking a briefing

   extension. .................................................................................10

   C.   The time claimed for preparing the response brief is reasonable and

   properly supported. .....................................................................11

   D.   All of the billable time entries are justified. ...............................12

IV.   The Rates Claimed Are Reasonable Considering the Work Performed. .....12

CONCLUSION ....................................................................................16

# TABLE OF AUTHORITIES

**Cases**                 **Page(s)**

*Barjon v. Dalton*,

 132 F.3d 496 (9th Cir. 1997) ..................................................................12

*Camacho v. Bridgeport Fin., Inc.*,

 523 F.3d 973 (9th Cir. 2008) ................................................................12

*Clifford v. Trump*,

 18- 56351 (9th Cir. March 30, 2022)....................................................7

*CRST Van Expedited, Inc. v. E.E.O.C.*,

 578 U.S. 419 (2016).................................................................................3

*Del Santo v. Nguyen*,

 20STCV10313, (L.A. Sup. April 27, 2021) ........................................14

*Democratic Party of Washington State v. Reed*,

 388 F.3d 1281 (9th Cir. 2004) ................................................................4

*Hefler v. Wells Fargo & Co.*,

 No. 16-cv-05479-JST, 2018 WL 6619983, at *14 (N.D. Cal. Dec. 18, 2018).....13

*Hensley v. Eckerhart*,

 461 U.S. 424 (1983)..................................................................................6

*In Int. of S.V.*,

 599 S.W.3d 25 (Tex. App. 2017)............................................................4

ii

*In re HPL Techs., Inc. Sec. Litig.*,

366 F. Supp. 2d 912 (N.D. Cal. 2005) ...................................................................7

*In re Moore*,

511 S.W.3d 278 (Tex. App. 2016) ...................................................................6, 8

*In re: Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*,

MDL No. 2672 CRB (JSC), 2017 WL 1047834, at *5 (N.D. Cal. Mar. 17, 2017)

...............................................................................................................................14

*In re Volkswagen & Audi Warranty Extension Litig.*,

692 F.3d 4 (1st Cir. 2012) .........................................................................................2

*Iola Barker v. Hurst*,

632 S.W.3d 175 (Tex. App. 2021) ..........................................................................13

*Johnson-Todd v. Morgan*,

No. 09-17-00168-CV, 2018 WL 6684562, at *4 (Tex. App. Dec. 20, 2018) ........9

*Katherine Hill v. Kenneth Heslep et al.*,

20STCV48797, (L.A. Sup. May 27, 2021) .............................................................14

*Maldonado v. Houstoun*,

256 F.3d 181 (3d Cir. 2001) ....................................................................................9

*McGibney v. Rauhauser*,

549 S.W.3d 816 (Tex. App. 2018) ..........................................................................4

*Melendres v. Maricopa Cty.*,

  878 F.3d 1214 (9th Cir. 2018) .................................................................3

*Moreno v. City of Sacramento*,

  534 F.3d 1106 (9th Cir. 2008) .................................................................6

*Perdue v. Kenny A. ex rel. Winn*,

  559 U.S. 542 (2010) ..............................................................................13

*Ramon R. v. Saul*,

  No. ED CV 18-2369-E, 2021 WL 4805438, at *5 (C.D. Cal. June 3, 2021).......14

*Rohrmoos Venture v. UTSW DVA Healthcare, LLP*,

  578 S.W.3d 469 (Tex. 2019)....................................................................3

*Spooner v. EEN, Inc.*,

  644 F.3d 62 (1st Cir. 2011)....................................................................12

*Sullivan v. Abraham*,

  488 S.W.3d 294 (Tex. 2016)....................................................................2

*Suzuki v. Yuen*,

  678 F.2d 761 (9th Cir. 1982) .................................................................11

*Voice v. Stormans Inc.*,

  757 F3d 1015 (9th Cir. 2014) ..................................................................2

*Welch v. Metro. Life Ins. Co.*,

  480 F.3d 942 (9th Cir. 2007) ...................................................................9

iv

**Statutes**

42 U.S.C. § 1988(b) ....................................................................................3

Tex. Civ. Prac. & Rem. Code § 27.009(a)(1) .......................................2, 4

# INTRODUCTION

On April 14, 2022, Appellee Donald J. Trump ("Trump" or "Appellee") submitted an application for attorneys' fees incurred in defending against Appellant Stephanie Clifford's ("Clifford" or "Appellant") appeal of: (1) the district court's order granting Trump's motion to correct and/or strike the clerk's recission of a certification that the attorneys' fees order was a final judgment; and (2) the district court's order granting Trump's attorneys' fees incurred at the district court level. (ER 16 & 178). Appellant filed her Opposition to Trump's application for attorneys' fees on May 9, 2022. (Dkt. 54). In her Opposition, Appellant argues that the documented attorneys' fees submitted by Trump should be reduced because the hours expended, rates claimed, and staffing reflected in the application were excessive.

Appellant's arguments are without merit. First, the staffing of seven attorneys in a complex matter with multiple proceedings was reasonable and necessary considering the significant time constraint that Dhillon Law Group ("DLG") faced. Having been substituted as counsel of record after Appellant filed her opening brief, DLG had less than one month to familiarize itself with the procedural history and record of the case and prepare its answering brief. Second, the 193.35 hours Trump's attorneys spent were also reasonable and necessary to defend against an appeal that involved a motion to dismiss, two motions to extend

time, and five distinct legal issues in a case in which Appellant Clifford unnecessarily multiplied the proceedings. Lastly, the rates claimed by Trump's attorneys were reasonable and have either been previously approved by this Court or the lower court in this matter, or are well within the range of hourly rates that this Court has recently approved.

As a federal court sitting in diversity jurisdiction, the substantive issue of attorneys' fees necessitates the application of state law. *In re Volkswagen & Audi Warranty Extension Litig.*, 692 F.3d 4, 15 (1st Cir. 2012). Thus, Texas law governs this dispute. *Id*.

## ARGUMENT

### I. Having Prevailed on Appeal, the Texas Citizens Participation Act ("TCPA") Mandates that Trump Receive Attorneys' Fees.

As previously explained in Trump's Memorandum in Support of his Application for Attorneys' Fees, the TCPA statute mandates an award of attorneys' fees to a "successful movant." Tex. Civ. Prac. & Rem. Code § 27.009(a)(1); *Sullivan v. Abraham*, 488 S.W.3d 294, 299 (Tex. 2016); *McGibney v. Rauhauser*, 549 S.W.3d 816, 820 (Tex. App. 2018). "Generally, a party that is entitled to an award of attorney's fees in the district court is also entitled to an award of attorney's fees on appeal." *Voice v. Stormans Inc.*, 757 F3d 1015, 1016 (9th Cir. 2014).

Of the two orders Clifford appealed, this Court dismissed one appeal for lack of jurisdiction, and affirmed the district court's decision on the other. (Memo. Disp., p. 2, March 18, 2022, Dkt. 48). Thus, Trump had to defend, and ultimately prevailed, in both appeals. *See Melendres v. Maricopa Cty.*, 878 F.3d 1214, 1215 (9th Cir. 2018) (holding that where appellee obtained dismissal of appeal because of procedural basis that appellant lacked standing, appellee was "prevailing party" for purposes of attorney's fees provision under 42 U.S.C. § 1988(b)); *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 486 (Tex. 2019) (ruling that defendant who obtained dismissal of breach of contract claim was the "prevailing party" by reasoning that "[t]he defendant may prevail even if the court's final judgment rejects the plaintiff's claim for a nonmerits reason.") (emphasis added) (quoting *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 430 (2016)).

The district court granted Trump attorney's fees under the TCPA, and thereby established that Trump is entitled to fees and costs for the duration of this litigation. (E.R. 181 ("The Court thus concludes that Defendant is entitled to attorney's fees and costs connected to the entire course of this litigation, including motion for fees.")). Just as with the billable hours for the underlying litigation, the billable hours spent having to defend the appeal of the district court's grant of attorney's fees must also be awarded to Trump. *Id.*

## II. Trump's Appeal Was Properly Staffed.

Under the TCPA, a "successful movant" is entitled to "an award of 'reasonable attorney's fees.'" *Sullivan*, 488 S.W.3d at 299 (quoting Tex. Civ. Prac. & Rem. Code § 27.009(a)(1)). "In determining the *reasonableness* of an award of attorney's fees, the court considers the time spent by [] attorney[s] on the case, the nature of the attorney[s'] case preparation, the complexity of the case, the experience of the attorney[s], and the prevailing hourly rates." *In Int. of S.V.*, 599 S.W.3d 25, 35 (Tex. App. 2017) (emphasis added). While Appellant attempts to seize on language that "courts ought to examine with skepticism claims that several lawyers were needed to perform a task," *Democratic Party of Washington State v. Reed*, 388 F.3d 1281, 1286 (9th Cir. 2004), the same paragraph of that opinion goes on to clarify that the "[p]articipation of more than one attorney does not necessarily amount to unnecessary duplication of effort," and that "[c]ourts must exercise judgment and discretion, considering the circumstances of the individual case, to decide whether there was unnecessary duplication." *Id.* at 1286-87 (referencing "such needless duplication as when three lawyers appear for a hearing when one would do" as an example of a claim warranting skepticism); (Dkt. 54, p. 6).

Contrary to Appellant's speculation, the staffing of seven (7) attorneys for this appeal was reasonable and necessary because of the significant time constraint

DLG faced when it was substituted as counsel of record with less than one month to research and draft its answering brief. (Dkt. 31, Notice of Appearance by Harmeet (May 28, 2021); Dkt. 32, Mot. to Extend Time to File Answering Br. (May 28, 2021)). As detailed in Trump's Motion in support of his application for attorney's fees, six (6) attorneys worked on the opposition brief, motion to extend time, compiling and reviewing records, conferences, and related legal research in the following manner: four (4) attorneys (Joseph Hawkins, Stuart McCommas, Ronald Coleman, and Mark Meuser) divided the legal research tasks and opposition brief drafting, according to the five substantive issues presented by Appellant, while attorney Harmeet K. Dhillon acted as the supervising attorney and limited her time spent to high-level strategy decisions and review; Karin Sweigart, DLG's lead appellate drafting attorney, reviewed the brief to ensure that it met all Ninth Circuit procedural requirements and stylistic conventions; and lastly, attorney Hwui Lee's work, at the lowest billing rate, was limited to the appellate fees motion. (Dkt. 51-2, p. 14). A review of the hours expended by each of these attorneys is in accord with the description of their roles provided above confirms the necessity of each attorney's involvement. (Dkt. 52-3, Ex. A, p. 13-16).

Accordingly, considering the significant time constraint faced by DLG, the need for its attorneys to expeditiously familiarize themselves with the procedural history and record of the case, and the time required to research and draft a

professional brief for its client, DLG's staffing of seven attorneys on this appeal was not only reasonable, but necessary, particularly when considering the respective roles played by lawyers of varying levels of experience and seniority.

### III.    The Hours Claimed For Trump's Appeal are Reasonable.

For an application for attorney's fees, the appropriate number of hours includes all time "reasonably expended in pursuit of the ultimate result achieved." *Hensley v. Eckerhart*, 461 U.S. 424, 431 (1983) (citation omitted). Under Texas law, the party applying for an award of attorney's fees may establish the amount of hours claimed by providing "documentation of the services performed, who performed them and at what hourly rate, when they were performed, and how much time the work required." *Sullivan*, 488 S.W.3d at 299 (internal quotation omitted).

In determining whether the stated amount of time spent on the case is reasonable, "[b]y and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). "Additionally, testimony from a party's attorney about fees will be taken as true as a matter of law if it is not contradicted by any other witness and is clear, positive, direct, and free from contradiction." *In re Moore*, 511 S.W.3d 278, 288 (Tex. App. 2016).

All of the hours claimed by Trump's attorneys for this matter are reasonable and supported by contemporaneous time records. (*See* Dkt. 51-3, Ex. A, p. 4, Dhillon Decl. ¶ 7); *see also*, *In re HPL Techs., Inc. Sec. Litig.*, 366 F. Supp. 2d 912, 920 (N.D. Cal. 2005) (finding that breaking out hours expended into categories based on litigation tasks was "an especially helpful compromise between reporting hours in the aggregate (which is easy to review, but lacks informative detail) and generating a complete line-by-line billing report (which offers great detail, but tends to obscure the forest for the trees).").

Moreover, the reasonableness of the hours claimed is further supported by this Court's finding that a total of 347.50 hours – of which 217.25 hours were spent on the conferences, record review, legal research, brief preparation, and fee motion categories – was reasonable in a parallel appeal from the same underlying district court case. (Dkt. 69, Or. Granting Att'ys Fees, pp. 5, 9, *Clifford v. Trump*, 18-56351 (9th Cir. March 30, 2022)). If this Court determined that 347.50 hours were reasonable for a parallel appeal in this case, then it should similarly conclude that 193.35 hours were also reasonable for the defense of this separate appeal. (*See* Dkt. 51-3, Ex. A, p. 4, Dhillon Decl. ¶ 7).

While Appellant goes to great lengths to depict this as a "straightforward appeal" that was not "particularly difficult or complex," (Dkt. 54, p. 7-9), the reality is that Trump's attorneys had to prepare a motion to dismiss, two motions to

extend time, and a brief that addressed five distinct legal issues involving factual predicates independent of those previously at issue in this litigation. (*See* Dkt. 21, Opening Br., pp. 4-5 (April 22, 2021); Dkt. 51-2, pp. 7-8); *see also*, *In re Moore*, 511 S.W.3d at 288 ("[T]estimony from a party's attorney about fees will be taken as true as a matter of law if it is not contradicted by any other witness and is clear, positive, direct, and free from contradiction."). Understandably, this work necessitated *de novo* research, briefing, and preparation. In fact, Appellant incurred *greater* legal fees than those for which he is seeking reimbursement. (*See* Dkt. 51-3, Ex. A, pp. 4-5, Dhillon Decl. ¶ 8). For example, the request voluntarily reduces DLG's claimed time and fees by eliminating all paralegal time and over 30 hours that might be argued as duplicative. (*See* Dkt. 51-3, Ex. A, pp. 4-5, Dhillon Decl. ¶ 8); *see also*, *In re Moore*, 511 S.W.3d at 288 (rule quoted above).

## A. The time claimed for the fee motion is reasonable and properly supported.

A review of the documents detailing Appellee's work on the motion for attorney's fees demonstrates that the hours claimed are reasonable in light of the work that Appellee's counsel was required to perform. (Dkt. 51-3, p. 15). Drafting the motion required Appellee's counsel to research prior attorney fee awards by the Ninth Circuit, research additional legal issues, review the case record and the hours spent by Appellee's previous counsel, draft declarations, calculate accurate totals of the time each attorney spent working on the matter, draft the fee motion, and

review and edit the fee motion. (Dkt. 51-3, p. 15). While Appellant cites a few cases where appellate courts have reduced the hours claimed by counsel to prepare a fee application in support of her contention that Appellee's task was not "particularly difficult or complex," Appellant neglects to note that each of those cases involved the *same* counsel that had handled trial court proceedings, and applications that "recycled" language used in previous submissions to the court. *See Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 950 (9th Cir. 2007) ("[M]uch of the language in Welch's motion for fees was recycled from submissions to other courts."); *Maldonado v. Houstoun*, 256 F.3d 181, 187 (3d Cir. 2001); *Johnson-Todd v. Morgan*, No. 09-17-00168-CV, 2018 WL 6684562, at *4 (Tex. App. Dec. 20, 2018).

As previously mentioned, DLG did not represent Trump at the trial court level. Accordingly, not only was DLG required to perform the additional task of compiling the hours spent by Trump's previous legal counsel in this matter, it also was required to research the related legal issues *de novo*. Further, it did not have the benefit of "recycling" its previous submissions in this matter, but instead, was required to draft its fee motion from scratch. Accordingly, each hour spent by DLG in drafting the fee application was reasonable and necessary considering the work required to complete the task. (Dkt. 51-3, p. 15).

### B. Appellee has voluntarily revised the time submitted for seeking a briefing extension.

Upon further review, Appellee notes that the time entries for its work on the Ninth Circuit Form 14 request for an extension include minor inaccuracies. (Dkt. 51-3, p. 13; Dkt. 54, p. 8-9). The time entered on May 26, 2021, for attorney Stuart McCommas, should be for 1.1 hours, not for 4.1 hours as initially stated. (Dkt. 51-3, p. 13). The description for this time entry should properly read that McCommas investigated the case record and drafted the Form 14 request for an extension. (Dkt. 51-3, p. 13). Further, the time entered on June 1, 2021, by McCommas was performed on Appellee's Opposition Brief; however, the time entry was mistakenly mislabeled as work performed on Appellee's Second Motion to Extend Time. (Dkt. 51-3, p. 13). As Appellant notes, Appellee's Second Motion to Extend Time had already been filed on May 28, 2021. (Dkt. 54, p. 8-9).

Accordingly, Appellee hereby voluntarily revises its time entries to state that on May 26, 2021, McCommas spent 1.1 hours investigating the case record and drafting Appellee's motion for an extension. (Dkt. 51-3, p. 13). This amounts to a total reduction of 3.0 hours, or $1,800, which brings the total hours claimed by Appellee from 196.35 hours to 193.35 hours, for a total of $127,122.56.

### C. The time claimed for preparing the response brief is reasonable and properly supported.

Appellant's argument that the time claimed to draft the response brief should be reduced by fifty percent (50%) is based on an arbitrary standard derived without reasoned support. (Dkt. 54, p. 10). The case cited by Appellant in support of this contention, *Suzuki v. Yuen*, 678 F.2d 761, 764 (9th Cir. 1982), reduced the hours to prepare an appellate brief by fifty percent (50%) because "the issues were well rounded in the summary judgment papers and in the district court's published opinion[,]" and "[p]reparation of the supplemental brief required study of only three Supreme Court opinions and drafting arguments for distinction." *Id*. Neither of these circumstances is present here: (i) Appellee was required to argue factual and legal issues that were distinct from those addressed by the trial court; and (ii) the preparation of Appellee's response brief within three (3) weeks of being substituted as counsel, and without familiarity of the factual and legal background of the case, required significantly more time than would distinguishing only three opinions by counsel familiar with the case. *Id.*; (Dkt. 21, Opening Br., pp. 4-5, (April 22, 2021)). Thus, Appellant's argument that this Court should reduce Appellee's time to draft his response brief by fifty percent (50%) because another case did so for easily distinguishable reasons is simply without merit and should be rejected.

11

### D. All of the billable time entries are justified.

Appellant cites one instance – 6.2 hours claimed before DLG entered its appearance and substituted with prior counsel – in support of its larger assertion that "there are *several* unjustified billable time entries." (Dkt. 54, p. 10; Dkt. 51-3, p. 13) (emphasis added). However, there is nothing unusual about work being performed on behalf of a client before being officially substituted as the counsel of record. As shown in the specific descriptions of each task performed before DLG was submitted as counsel of record, nearly all of these brief time entries were for conferences with the client or among attorneys. (Dkt. 51-3, p. 13). Meeting with clients or among counsel prior to taking on a matter, and billing for that time, is reasonable and necessary to ensure that a firm can provide adequate legal counsel.

Accordingly, this Court should reject Appellant's baseless argument that "there are several unjustified billable time entries" because she fails to cite to one such entry in support of her assertion. (Dkt. 54, p. 10).

### IV. The Rates Claimed Are Reasonable Considering the Work Performed.

"[T]he established standard when determining a reasonable hourly rate is the 'rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation.'" *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (quoting *Barjon v. Dalton*, 132 F.3d 496, 502 (9th Cir. 1997)); *see also*, *Spooner v. EEN, Inc.*, 644 F.3d 62, 68 (1st Cir. 2011)

("The obligation to support both the time and rate components rests with the party seeking the award, [citation omitted], but *the opposing party may proffer countervailing evidence*.") (emphasis added).

Under the lodestar method applied by Texas courts, *Iola Barker v. Hurst*, 632 S.W.3d 175, 188 (Tex. App. 2021), the "novelty and complexity of a case" should have no bearing on the determination of a reasonable hourly rate, "because these factors presumably are fully reflected in the number of billable hours recorded by counsel." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553 (2010) (internal quotation and citation omitted).

In this case, Attorneys Ryan Stonerock ($756.49), Henry Self ($775), Dilan Esper ($691.48), and Steven Frackman ($606.58), have hourly rates that either this Court or the lower court has already approved for work done on this case. (Dkt. 51-4, Stonerock Decl., ¶ 4).

Further, the rates of attorneys Harmeet K. Dhillon ($1,300), Ronald Coleman ($845), Mark Meuser ($700), Karin Sweigart ($600), Stuart McCommas ($600), Joseph Hawkins ($400), and Hwui Lee's ($350) are well within the range of hourly rates this Court has recently approved. *See*, *e.g.*, *Hefler v. Wells Fargo & Co.*, No. 16-cv-05479-JST, 2018 WL 6619983, at *14 (N.D. Cal. Dec. 18, 2018), *aff'd*, 802 Fed. App'x 285 (9th Cir. 2020) (finding hourly rate ranges from $650-$1,250 for partners or senior counsel, and $400-$650 for associates to be

reasonable); *In re: Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*, MDL No. 2672 CRB (JSC), 2017 WL 1047834, at *5 (N.D. Cal. Mar. 17, 2017) (finding reasonable hourly rates of $275-$1600 for partners, and $150-$790 for associates); *Ramon R. v. Saul*, No. ED CV 18-2369-E, 2021 WL 4805438, at *5 (C.D. Cal. June 3, 2021) ("the Court finds reasonable a combined rate of **$1,400** per hour for attorney") (emphasis added).

As explained in depth in Appellee's Memorandum in Support of his Application for Attorney's Fees, these rates are similar to the rates that this Court recently approved in a parallel appeal from the same underlying district court case. (*See* Dkt. 51-2, p. 16-18). California courts have also specifically approved the respective $1,300, $600, and $350 hourly rates for attorneys Harmeet K. Dhillon, Karin Sweigart, and Hwui Lee. *See Katherine Hill v. Kenneth Heslep et al.*, 20STCV48797, (L.A. Sup. May 27, 2021); *Del Santo v. Nguyen*, 20STCV10313, (L.A. Sup. April 27, 2021); (Dkt. 51-2, p. 16-18). Additionally, the hourly rates of attorneys Ron Coleman ($845/hour), Mark Meuser ($700/hour), Stuart McCommas ($600/hour), and Joseph Hawkins ($400/hour) are well within the ranges approved for litigators of their respective experience. (*See* Dkt. 51-2, pp. 17-18). Based on the above showing, which is more fully discussed in Appellee's Application for Attorney's Fees, Trump has fully met his burden to support the

rates claimed for each attorney. *See Spooner*, 644 F.3d at 68; (Dkt. 51-2, pp. 17-18).

Although Appellant points to instances where attorneys have been awarded lower hourly rates, her Opposition Brief fails to provide legally sufficient grounds as to why those rates should apply instead of the rates previously approved by this Court and other California courts for each of the attorneys listed above, or for attorneys with similar litigation experience. (Dkt. 54, pp. 11-12). While Appellant attempts to argue that the well-supported rates provided above should be reduced because this case was not complex enough to warrant them, the "novelty and complexity" of this case has no bearing on the reasonable rates for the services of Appellee's counsel, as "these factors presumably are fully reflected in the number of billable hours recorded by counsel." *Perdue*, 559 U.S. at 553 (internal quotation and citation omitted); (Dkt. 54, pp. 11-12). Thus, as this is the only reason offered by Appellant for a reduction of rates, she has failed to offer legally sufficient grounds that support a reduction in the reasonable rates that Appellee's have claimed for their services.

Accordingly, because the rates are reasonable, similar to the rates that this Court recently approved in a parallel appeal from the same underlying district court case, well within the ranges accepted by this Court for attorneys with similar experience, and Appellant has failed to produce countervailing evidence that would

support a reduction in rates, this Court should approve Appellee's claimed rates for attorney's fees. (Dkt. 51-2, pp. 15-19; Dkt. 54, pp. 11-12).

## CONCLUSION

For the forgoing reasons, Trump respectfully requests that the Court award him reasonable appellate attorney's fees in the amount of $127,122.56.

Dated: May 16, 2022                    Respectfully submitted,

/s/ Harmeet K. Dhillon
Harmeet K. Dhillon
Ronald D. Coleman
Mark Meuser
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, California 94108
Telephone: (415) 433-1700

*Attorneys for Defendant and Appellee*
*Donald J. Trump*

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the court's CM/ECF system, which will send notification of such filing to all counsel of record.

Dated: May 16, 2022

/s/Harmeet K. Dhillon
Harmeet K. Dhillon

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
## Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)**  | 20-55880

I am the attorney or self-represented party.

**This brief contains** | 3,597 | **words**, excluding the items exempted by Fed. R. App. P. 32(f). The brief's type size and typeface comply with Fed. R. App. P. 32(a)(5) and (6).

I certify that this brief *(select only one)*:

- ◉ complies with the word limit of Cir. R. 32-1.

- ○ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

- ○ is an **amicus** brief and complies with the word limit of Fed. R. App. P. 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

- ○ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

- ○ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:

    - ○ it is a joint brief submitted by separately represented parties;

    - ○ a party or parties are filing a single brief in response to multiple briefs; or

    - ○ a party or parties are filing a single brief in response to a longer joint brief.

- ○ complies with the length limit designated by court order dated [          ].

- ○ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** | /s/Harmeet K. Dhillon | **Date** | May 16, 2022

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 8** | *Rev. 12/01/2018*